UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JONATHAN SAPAN,

Plaintiff,

v.

SOLARMAX TECHNOLOGY, INC.,
a California corporation, et al.,

Defendants.

Case No.: 15cv897-MMA-MDD

**ORDER GRANTING IN PART AND DENYING IN PART ATTORNEY CHRISTOPHER REICHMAN'S MOTION TO RECONSIDER ORDER IMPOSING SANCTIONS [ECF No. 28]**

Pending before this Court is Plaintiff's Counsel Christopher Reichman's Motion for Reconsideration re: Order Imposing Sanctions.  (ECF No. 28).  On September 29, 2015, following notice and an opportunity to be heard, this Court issued an Order Imposing Sanctions on Mr. Reichman for his tardiness in appearing at the at the further Early Neutral Evaluation/Case Management Conference on August 21, 2015, his failure to appear telephonically at the Settlement Disposition Conference on September 8, 2015, and his failure to appear at the September 29, 2015, Order to Show Cause hearing arising from his prior failure to appear.  (ECF

1

No. 26).  The Court imposed sanctions in the amount of $1,000.00 due by October 16, 2015, ordered Mr. Reichman to self-report to the California State Bar by October 16, 2015, and stated the Court would refer this matter to this Court's bar Disciplinary Committee.  (*Id.*).

On October 9, 2015, Mr. Reichman filed this motion to reconsider the Order Imposing Sanctions.  (ECF No. 28).  Mr. Reichman acknowledges that sanctions may be appropriate, but argues that the monetary fine and the reporting requirements are excessive and that magistrate judges, such as the undersigned, lack authority to impose sanctions for the conduct at issue.  (*Id.*).

The Court finds that it has the authority to impose these sanctions pursuant to Rule 16(f), Rule 83(a), and Local Rules 83.1 and 83.5, as explained below.  Nevertheless, the Court is inclined to amend the sanctions imposed by reducing the monetary sanction to $500.00 and eliminating the requirement that Mr. Reichman self-report to the California Bar.  Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Reichman's motion for reconsideration.

## 1. Procedural History

On August 6, 2015, following the initial Early Neutral Evaluation/Case Management Conference in this case, the Court ordered a further conference to be held telephonically, with attorneys only required to participate, on August 21, 2015. (ECF No. 16).  Defendant's counsel appeared as required.  Counsel for Plaintiff, Christopher Reichman, did not call in as required.  The Court's clerk attempted to contact Attorney Reichman, who returned the Court's call several minutes later, stating he did not have the matter on his calendar.  After Mr. Reichman finally called

2

in, the Court held the conference and based upon the statements of counsel that they had settled the case, ordered both counsel to attend a telephonic Settlement Disposition Conference on September 8, 2015. (ECF No. 19). The Order required counsel to appear by telephone unless a joint motion to dismiss the case was filed.  By the date of the hearing, no motion had been filed.  Defendant's counsel appeared as required.  Attorney Reichman did not appear.  The Court's clerk, again left a message for Mr. Reichman.  Mr. Reichman later returned the call, too late to attend the hearing, and again offered the excuse that the conference had not been calendared.

On September 21, 2015, this Court issued an Order to Show Cause ("OSC") requiring Mr. Reichman to appear personally in court on September 29, 2015, at 9:45 a.m., and explain why he should not be sanctioned for failing to attend the Settlement Disposition Conference.  (ECF No. 24).  Mr. Reichman also was provided the opportunity to submit a meaningful written statement regarding his failure to appear no later than September 24, 2015.  (*Id.*).  Mr. Reichman did not submit a written statement nor appear as required.

On September 29, 2015, this Court held the hearing on the OSC, but Mr. Reichman failed to appear at the OSC hearing.  (ECF No. 25). Consequently, the Court issued the Order Imposing Sanctions, which requires Mr. Reichman to pay a $1,000.00 fine, self-report to the California Bar, and states that this Court will refer the matter to this District's Disciplinary Committee.  (*Id.*).

On October 9, 2015, Mr. Reichman filed this Motion to Reconsider the Order Imposing Sanctions.  (ECF No. 28).

## 2. Standard

### a. Rule 16(f)

In the Ninth Circuit, magistrate judges have the authority to sanction attorneys for failing to appear at pretrial conferences pursuant to Rule 16(f). FED. R. CIV. P. 16(f); *see Tamura v. F.A.A.*, 908 F.2d 977, *3 (9th Cir. 1990) (unpublished) (assuming without deciding that magistrate judges have power to impose Rule 16(f) sanctions); *see also*, *Ayers v. City of Richmond,* 895 F.2d 1267, 1269 (9th Cir. 1990); *Ford v. Alfaro,* 785 F.2d 835, 837 (9th Cir. 1986) (court did not question magistrate judge's authority to issue Rule 16 sanctions); *Grimes v. City & Cnty. of San Francisco,* 951 F.2d 236, 240 (9th Cir. 1991) (affirming magistrate judge's authority to sanction under FED. R. CIV. P. 37); *Maisonville v. F2 Am., Inc.,* 902 F.2d 746, 747 (9th Cir. 1990) (affirming magistrate judge's authority to sanction under FED. R. CIV. P. 11).

Magistrate judges routinely exercise this authority. *See, e.g.*, *Medina v. Pile Trucking Inc.*, Case No.: 11cv6329-PJW, 2012 WL4742424, *3 (C.D. Cal. Oct. 3, 2012) (Ghandi, J.) (Magistrate Judge Ghandi imposed sanctions under Rule 16 for counsels' failure to appear at settlement conference); *CLM Partners LLC v. Fiesta Palms, LLC*, Case No.: 22cv1387-PMP-CWH, 2013 WL 6388760, *1-*4 (D. Nev. Dec. 5, 2013) (Hoffmann, C.W., Jr.) (After thorough and well-reasoned analysis, Magistrate Judge Hoffmann rejected argument that magistrate judges do not have authority to impose Rule 16(f) sanctions for nonappearance of attorney at settlement conference).

Rule 16(f) permits the court to order attorneys and unrepresented parties to appear for one or more pretrial conferences for several purposes,

4

including "facilitating settlement." FED. R. CIV. P. 16(a)(5). "At any pretrial conference, the court may consider and take appropriate action" on several matters, including "facilitating in other ways the just, speedy, and inexpensive disposition of the action." FED. R. CIV. P. 16(c)(2)(P). Rule 16(f) authorizes the court to issue any just sanctions if a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference; (B)... ; or (C) fails to obey a scheduling or other pretrial order." Further, "[i]nstead of or in addition to any other sanction, the court must order" the attorney or party "to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award unjust." FED. R. CIV. P. 16(f)(2).

A bad faith finding is not required to impose Rule 16(f) sanctions. *Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001); *Ayers*, 895 F.2d at 1270; *CLM Partners LLC*, 2013 WL 6388760 at *2; *Harrell v. U.S.*, 117 F.R.D. 86 (E.D.N.C. Sept. 10, 1987). As one magistrate judge explained,

> Unlike Rule 11, for example, Rule 16 proscribes certain acts regardless of purpose. Failure to attend a pre-trial conference falls within this category. Improper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation of the Rule. So long as the court is convinced counsel or his office received proper and timely notice, a negligent failure to attend the scheduled conference amounts to a violation of the Rule.

*Id.* at 88 (rejecting argument that Rule 16(f) sanctions require a bad faith finding, but reversing fine for due process reasons).

5

### **b.** **Local Rules adopted pursuant to Rule 83(a)**

The Southern District's Local Civil Rules, particularly Rule 83.1, adopted pursuant to Federal Rule of Civil Procedure 83(a), also authorize magistrate judges to impose sanctions against attorneys for failing to appear as ordered. Local Rule 83.1, titled "Sanctions for Noncompliance with Rules," states:

> a.   Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, <u>or with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule</u> or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.
>
> b.   <u>For violations</u> of these Local Rules or <u>of a specific court order, the court may, in imposing monetary sanctions, order that the monetary sanctions be paid to the Miscellaneaous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury</u>.

CIV. L.R. 83.1 (emphasis added). Local Rule 1.1(e)(5) broadly defines "Court" to include the assigned district judge <u>or magistrate judge</u>.

Rule 83.5, entitled "Discipline," states:

> In the event any attorney engages in conduct which may warrant discipline or other sanctions, <u>the court or any judge may</u>, in addition to initiating proceedings for contempt under Title 18 U.S.C. and Rule 42, FED. R. CRIM. P., or imposing other appropriate sanctions, <u>refer the matter to the disciplinary body of any court before which the attorney has been admitted to practice</u>.

CIV. L.R. 83.5 (emphasis added). Local Rule 1.1(e)(14) specifies that "Judge" refers to any assigned district judge <u>or magistrate judge</u>.

6

Other local rules authorize magistrate judges to exercise broad authority over all pretrial proceedings, including status conferences. Local Rule 16.2 authorizes magistrate judges to hold status conferences and scheduling orders in any case which has been assigned to them for that purpose. Local Rule 16.3(e) specifies "[t]he judge conducting the settlement conference may schedule as many follow-up settlement conferences as the judge finds appropriate in light of the complexity of the matter or any circumstances of the case." Local Rule 72.1 authorizes each magistrate judge to perform the duties prescribed in 28 U.S.C. § 636, subsections (a) and (b)(1)(A), and specifies "a magistrate judge may determine any preliminary matters and conduct any necessary evidentiary hearing or other proceeding arising in the exercise of the authority conferred by this subsection." CIV. L.R. 72.1(e)(3). Finally, Rule 72.1(h) broadly authorizes magistrate judges to "[e]xercise general supervision of civil calendars, conduct calendar and status calls,… conduct pretrial conferences, settlement conferences and related pretrial proceedings in civil cases….[and] [p]erform any additional duty not inconsistent with the Constitution and laws of the United States."

### 3. **Analysis**

Mr. Reichman failed to appear at the Settlement Disposition Conference and the hearing on the related Order to Show Cause, even though this Court notified him of all the proceedings by automatic Notices of Electronic Filings. This Court has the authority to sanction Mr. Reichman for his failure to appear at these pretrial proceedings and for disobeying this Court's orders requiring him to appear under Rule 16, subsections (f)(A) and (f)(C). FED. R. CIV. P. 16(f); *Tamura*, 908 F.2d at *3.

7

This Court also has the authority to sanction Mr. Reichman for his failures to appear pursuant to this District's Local Rules 83.1 and 83.5.  CIV. L.R. 83.1 (sanctions), 83.5 (referral to disciplinary authorities), and 1.1 (defining "Court" and "Judge" to include magistrate judges); FED. R. CIV. P. 83(a).

The Court rejects Mr. Reichman's argument that the settlement disposition conference was not a "pretrial" conference "since trial is no longer necessary."  The very purposes of a settlement disposition conference is to ensure that the settlement is finalized, and, if the settlement falls through, to get the case back on track for trial.  There can be no reasonable dispute that settlement disposition conference for cases that go to trial after the settlement falls through are "pretrial."  The magistrate judge's authority to regulate the appearance of attorneys at settlement disposition conferences cannot be subject to post-hoc analysis turning on whether or not the case ultimately is tried, particularly since most cases are never tried. Mr. Reichman's motion for reconsideration does not address the reasons for his failure to appear at the OSC hearing.

The Court rejects as inapplicable Mr. Reichman's arguments that sanctions are improper under Rule 11 and the Court's inherent authority. Rule 11, which only applies to misrepresentations made to the court in pleadings, motions, and through advocacy, does not apply to the conduct at issue here—an attorneys' failure to appear.  FED. R. CIV. P. 11.  Inherent authority, as Mr. Reichman argues, requires a finding of conduct tantamount to bad faith, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006), which is not apparent from Mr. Reichman's failures to appear.

Mr. Reichman did not address the Court's authority under Rule 16(f), Rule 83, and the Local Rules, which address the conduct at issue more

8

15cv897-MMA-MDD

directly than Rule 11 or the Court's inherent power.

**4. Conclusion**

Magistrate judges in the Ninth Circuit have the authority under Rule 16(f) to sanction attorneys who fail to appear at pretrial proceedings, as occurred here. Magistrate judges in this District also have the authority to sanction attorneys and refer them to disciplinary authorities under Civil Local Rules 83.1 and 83.5, adopted pursuant to Rule 83(a). Although this Court has the jurisdiction to impose these sanctions and provided sufficient notice to Mr. Reichman, the Court now exercises its authority to amend the sanctions by reducing the sanction to $500.00 and eliminating the requirement that Mr. Reichman self-report the matter to the California State Bar. Consequently, Mr. Reichman's motion to reconsider is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS SO ORDERED.**

Dated:   October 16, 2015

Hon. Mitchell D. Dembin
United States Magistrate Judge